**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FAYEE GU,<br><br>                                      Plaintiff,<br><br>v.<br><br>SERGIO JIMENEZ,<br><br>                                   Defendant. | Case No.:  25-cv-02326-RBM-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**(2) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**<br><br>**(3) DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[Doc. 2]** |

On September 5, 2025, *pro se* Plaintiff Fayee Gu ("Plaintiff") filed a Complaint against Sergio Jimenez. (Doc. 1.)  The same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion").  (Doc. 2.)  For the reasons below, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** their Complaint **with leave to amend**.

1

25-cv-02326-RBM-AHG

## I.    <u>LEGAL STANDARD</u>

The IFP Motion presents two issues.  First, the Court must determine whether Plaintiff properly shows an inability to pay the $405[1] civil filing fee required by this Court.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  To that end, Plaintiff must provide the Court with a signed affidavit "that includes a statement of all assets which shows inability to pay initial fees or give security."  Civ. L.R. 3.2(a).  Second, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to evaluate whether Plaintiff's Complaint sufficiently states a claim upon which relief may be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim.").  The Court addresses each issue in turn.

## II.    <u>DISCUSSION</u>

### A.    Plaintiff's IFP Application

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).  An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (noting that an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty") (citation omitted).  No formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."  *Escobedo*, 787 F.3d at 1235.  Consequently, courts must evaluate IFP requests on a case-by-case basis.  *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income").

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $55.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.  *Id*.

2

25-cv-02326-RBM-AHG

Here, Plaintiff declares that their household's average monthly income is $2,000 and their average monthly expenses are $2,150. (Doc. 2 at 1–2, 5.) Plaintiff declares that they have $40 in a checking account and no other assets. (*Id.* at 2–3.) Additionally, under the section requesting Plaintiff "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff writes "I owed $143,015 court judgment." (*Id.* at 5.) Considering that Plaintiff's expenses exceed their income, and that Plaintiff appears to have a significant financial obligation in the court judgment, the Court finds that Plaintiff "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's IFP Motion is **<u>GRANTED</u>**.

**B.      Screening Under 28 U.S.C. § 1915(e)**

As discussed above, every complaint filed IFP under 28 U.S.C. § 1915 is subject to mandatory screening by the Court under § 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under this provision, the Court must dismiss complaints that are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint fails to state a claim on which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although the Court must construe *pro se* pleadings liberally and "afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3

The Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.  The Complaint is five sentences:

1. The current owner of the apartment where Plaintiff resides is Re/Max, as the former owner Raymond Chan claimed in his sworn affidavit,

2. Hong Yi Zeng conspired with Re/Max agent and fabricated a criminal charge against Plaintiff,

3. Defendant conspired with Hong Yi Zeng in violating Plaintiff's due process.

4. This Court has jurisdiction under RICO Act.

Plaintiff demands $1 Billion against Defendant.

(Doc. 1 at 1.)

The allegations are conclusory and lack any meaningful detail.  Although the Complaint references RICO and states that there was a conspiracy between certain individuals, the Complaint "does not contain any allegations explaining what these acts were," nor any "details regarding Defendant['s] actions or how [Defendant's] actions violated" that statute. *Marcos-Chavela v. Graham*, Case No. C22-1035-RAJ, 2023 WL 2890363, at *1 (W.D. Wash. Apr. 11, 2023); *Walton v. Murray*, No. 2:08-CV-01347-RLH (VPC), 2009 WL 1530682, at *2 (E.D. Cal. May 29, 2009) (dismissing complaint where the plaintiff "provided no detail as to the circumstances of his due process violation against defendant").  Therefore, the Court finds that Plaintiff has failed to state any claims, and Plaintiff's Complaint must be **DISMISSED with leave to amend**.

The Court is also concerned that venue may be improper in the Southern District of California.  Venue is proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions

4

25-cv-02326-RBM-AHG

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Plaintiff alleges no facts about Defendant Sergio Jimenez except that he conspired to violate Plaintiff's due process rights. (Doc. 1 at 1.) But the alleged conspiracy appears to relate to the "current owner of the apartment where Plaintiff resides." (*Id.*) And from both the IFP Motion (Doc. 2 at 5) and the envelope of the Complaint (Doc. 1-2 at 1), Plaintiff appears to reside in New York. If Plaintiff files an amended complaint, they must also allege facts establishing that venue is proper in the Southern District of California.

### III.  CONCLUSION

Based on the foregoing, Plaintiff's IFP Motion (Doc. 2) is **GRANTED** and Plaintiff's Complaint is **DISMISSED with leave to amend**. Plaintiff may file an amended complaint which cures the deficiencies noted in this Order **on or before February 27, 2026**. If Plaintiff fails to file an amended complaint by that deadline, the Court will enter a final order dismissing this action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

DATE:  January 21, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

25-cv-02326-RBM-AHG